JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
The Boards of Trustees of the Laborers' District Council Construction Industry Pension and Annuity Fund, et al.
P.O. Box 37003, Philadelphia, PA 19123

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joel P. Trigiani, Esquire - Cleary, Josem & Trigiani, LLP
325 Chestnut Street, Suite 200
Philadelphia, PA 19106  (215) 735-9099

**DEFENDANTS**
Key Flagging, Inc.
8801 Hawthorne Street
Wyndmoor, PA 19038

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*      Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise |  | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
|  |  | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☒ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

**V. ORIGIN** *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. Section 1132(g)(2) and 1145-ERISA
Brief description of cause:
Delinquent Union Benefits

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 06/21/2018
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| The Boards of Trustees of the Laborers' District Coiuncil Construction Industry Pension and Annuity Fund, et al. v. Key Flagging, Inc. | : : : : : : | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| June 21, 2018 | Joel P. Trigiani, Esquire | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-735-9099 | 215-985-4592 | jtrigiani@cjtlaw.org |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _P.O. Box 37003, Philadelphia, Pennsylvania 19123_

Address of Defendant: _8801 Hawthorne Street, Wyndmoor, Pennsylvania 19038_

Place of Accident, Incident or Transaction: _Philadelphia, PA_

---

***RELATED CASE, IF ANY:***

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _06/21/2018_   _Joel P. Trigiani_ (signature)   _32268_
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.   *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
     *(Please specify):* _E.R.I.S.A._

**B.   *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE BOARDS OF TRUSTEES OF THE LABORERS' DISTRICT COUNCIL CONSTRUCTION INDUSTRY PENSION AND ANNUITY FUND, THE LABORERS LOCAL 57 INDUSTRIAL PENSION FUND, LABORERS' DISTRICT BUILDING AND CONSTRUCTION HEALTH AND WELFARE FUND, THE LABORERS' DISTRICT COUNCIL PREPAID LEGAL SERVICES FUND, THE LABORERS' DISTRICT COUNCIL EDUCATION AND TRAINING / APPRENTICESHIP FUND, THE LABORERS' DISTRICT COUNCIL LABORERS'-EMPLOYERS COOPERATION AND EDUCATION TRUST, THE LABORERS' PHILADELPHIA AREA LOCAL HEALTH AND SAFETY FUND, LABORERS' DISTRICT COUNCIL INDUSTRY ADVANCEMENT PROGRAM, LABORERS' DISTRICT COUNCIL OF THE METROPOLITAN AREA OF PHILADELPHIA AND VICINITY, THE GENERAL BUILDING CONTRACTORS ASSOCIATION, INC., and CONTRACTORS' ASSOCIATION OF PENNSYLVANIA, <br><br>P.O. Box 37003 <br>Philadelphia, PA 19123 <br><br>        Plaintiffs <br><br>    v. <br><br>KEY FLAGGING, INC <br>8801 Hawthorne Street <br>Wyndmoor, PA 19038 <br><br>        Defendant | CIVIL ACTION NO. |

**COMPLAINT**

## THE PARTIES

1. Plaintiff, Board of Trustees of the Laborers' District Council Construction Industry Pension Fund ("Pension Fund Trustees") manages and controls the Laborers' District Council Construction Pension Fund ("Pension Fund"). Daniel L. Woodall, Jr., Ryan N. Boyer, Samuel Staten, Jr., James Harper, Jr., Charles Tabourn, Esteban Vera, Jr., James R. Davis, Charles Seravalli, Jr., David E. Panichi, and Amy Hennessey are the current members of the Pension Fund Board of Trustees and are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C.§ 1132(a)(1)(3). Said Board of Trustees brings this action in its fiduciary capacity on behalf of the Pension Fund and its participants and beneficiaries.

2. Plaintiff Pension Fund is a trust fund established and maintained pursuant provisions of Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, ("the LMRA"), 29 U.S.C.§186(c)(5), and an employee benefit plan under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C.§ 1002(3).

3. Plaintiff Board of Trustees of the Laborers Local 57 Industrial Pension Fund ("Pension Fund Trustees") manages and controls the aforesaid Fund. Esteban Vera, Jr., Michael Carfagno, David Richman and Ronald Greller are the current members of the Pension Fund Board of Trustee and are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C. § 1132(a)(1)(3). Said Board of Trustees brings this action in its fiduciary capacity on behalf of Pension Fund and its participants and beneficiaries.

4. Plaintiff Pension Fund is a trust fund established and maintained pursuant to provisions of Section 302( c )(5) of the Labor Management Relations Act of 1947, as

amended, ("the LMRA"), 29 U.S.C. §186(c )(5), and an employee benefit plan under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C.§ 1002(3).

5.  Plaintiff Board of Trustees of the Laborers' District Council Building and Construction Health and Welfare Fund ("Health and Welfare Fund Trustees") manages and controls the Laborers' District Council Health and Welfare Fund ("Health and Welfare Fund").  Daniel L. Woodall, Jr., Amy Hennessey, Ryan N. Boyer, Samuel Staten, Jr., James Harper, Jr., Vernon Woodall, Mark Freeman, Benjamin A. Connors and are the current members of the Health and Welfare Fund Board of Trustees and are fiduciaries within the meaning of ERISA, 29 U.S.C.§ 1132(a)(1)(3).  Said Board of Trustees brings this action in its fiduciary capacity on behalf of the Health and Welfare Fund and its participants and beneficiaries.

6.  Plaintiff Health and Welfare Fund is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C.§ 186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C.§ 1002(3).

7.  Plaintiff Board of Trustees of the Laborers' District Council Prepaid Legal Services Fund ("Legal Services Fund Trustees") manages and controls the Laborers' District Council Prepaid Legal Services Fund ("Legal Services Fund").  James Davis, Benjamin A. Connors, Daniel L. Woodall, Jr. and Samuel Staten, Sr. are the current members of the Legal Services Fund Board of Trustees and are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C. Section 1132(a)(1)(3).  Said Board of Trustees brings this action in its fiduciary capacity on behalf of the Legal Services Fund and its participants and beneficiaries.

8. Plaintiff Prepaid Legal Services Fund is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C.§ 1002(3).

9. Plaintiff Board of Trustees of the Laborers' District Council Education and Training/Apprenticeship Fund ("Education Fund Trustees") manages and controls the Laborers' District Council Education and Training Fund ("Education Fund"). Daniel L. Woodall, Jr., Stanley Sanders, James N. Harper, Jr, Samuel Staten, Jr., Vernon Woodall, James R. Davis, Amy Hennessey and Benjamin A. Connors are the current members of the Education Fund Board of Trustees and are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C. § 1132(a)(1)(3). Said Board of Trustees brings this action in its fiduciary capacity on behalf of the Education Fund and its participants and beneficiaries.

10. Plaintiff Education and Training Fund is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C.§186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. § 1002(3).

11. Plaintiff Board of Trustees of the Laborers' District Council Laborers'-Employers Cooperation and Education Trust ("LECET Trustees") manages and controls the Laborers' District Council Laborers'-Employers Cooperation and Education Trust ("LECET"). Samuel Staten, Jr.., Daniel L. Woodall, Jr., James N. Harper, Jr., Ryan N. Boyer, Amy Hennessey, Harry Moore, Damien Lavelle and David Hoplamazian are the current members of the LECET Board of Trustees and fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C. Section 1132(a)(1)(3). Said Board of Trustees brings this action in its fiduciary capacity on behalf of LECET and its participants and

beneficiaries.

12. Plaintiff LECET is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C.§ 1002(3).

13. Plaintiff Board of Trustees of the Laborers' Philadelphia Area Local Health and Safety Fund ("Health and Safety Fund Trustees") manages and controls the Laborers' Philadelphia Area Local Health and Safety Fund ("Health and Safety Fund"). Samuel Staten, Jr., Daniel L. Woodall, Jr., Harry Moore, and Damien Lavelle are the current members of the Health and Safety Fund Board of Trustees and are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C. § 1132(a)(1)(3).

14. Plaintiff Laborers' Philadelphia Area Local Health and Safety Fund is a trust fund established and maintained for the purpose of providing health and safety benefits through qualified health and safety benefit programs.

15. Each of the aforesaid Funds is a "multi-employer plan" under ERISA, 29 U.S.C. § 1002(37). These Funds maintain their principal place of business in Philadelphia, PA., with the exception of the Laborers' District Council Education and Training Fund, which maintains its principal place of business at 501 Lancaster Avenue, Exton, PA 19341.

16. Plaintiff, General Building Contractor's Association ( "GBCA") is an association of construction industry contractors and service providers. The GBCA sponsors and manages the GBCA Industry Advancement Program ("IAP"), which is funded by contributions required under the collective bargaining agreement between the

GBCA and the Laborers' District Council of the Metropolitan Area of Philadelphia and Vicinity.

17. Plaintiff, Concrete Contractors Association is a non-profit corporation representing employers in the commercial building industry for the purpose of collective bargaining.

18. Plaintiff, Laborers' District Council of the Metropolitan Area of Philadelphia and Vicinity, Laborers' International Union of North America ("The Union" or "Laborers District Council") as an unincorporated labor organization engaged in representing employees for the purpose of collective bargaining.

19. Defendant, Key Flagging, Inc., a Pennsylvania corporation ("Defendant Employer") is an employer in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a). and ERISA, 29 U.S.C. § 1002(5). Defendant Employer's last known address is 8801 Hawthorne Street, Wyndmoor, PA 19038

## JURISDICTION AND VENUE

20. This Court has jurisdiction over the causes of action the Plaintiffs have against Defendant Employer pursuant to ERISA, 29 U.S.C. § 1132(a)(3), (d)(1) and 1145, and pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a), and supplemental jurisdiction over the related contractual state law claims of the GBCA.

21. Venue is proper in the Eastern District of Pennsylvania pursuant to 29 U.S.C. § 185(a); 29 U.S.C. § 1132(e)(2); and 28 U.S.C.§ 1391. The above-identified

Funds are administered by the above Boards of Trustees in this district; Defendant company resides in this district; and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## COMMON FACTS

22. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 21.

22. The aforementioned Funds are created and administered pursuant to the terms of Trust Agreements that are properly executed pursuant to state and local law.

23. Since at least October 22, 2015 to date, Defendant Employer has been signatory to, or otherwise bound by, a collective bargaining agreement between the GBCA and Concrete Contractors' Association Building and General Construction and the Laborers' District Council, through a collective bargaining agreement effective May 1, 2015 through April 30, 2018 (hereinafter referred to as the "Agreement" and marked Exhibit "A"). Since at least August 31, 2015, Defendant Employer has also been signatory to, or otherwise bound by, a collective bargaining agreement between the Greater Philadelphia Utility Contractors Association and Laborers District Council, through a collective bargaining agreement effective March 1, 2015 through February 2018 (hereinafter referred to as "Utility Flagging Agreement" and marked Exhibit "B").

24. The Agreement, pursuant to Article XXII, Section 1 (General Building Agreement), and Article XIII of the (Utility Flagging Agreement) automatically renews from year to year after its termination unless either party give notice in writing to the

other party ninety (90) days prior to any expiration date of intention to terminate the agreement or to request a change in the terms or conditions thereof. To date, neither party has given such notice of intention to terminate or to request a change in the terms or conditions thereof.

25. Defendant Employer also agreed to abide by the terms of agreements and declarations of trust, as from time to time amended ("Trust Agreements"), pertaining to Plaintiff Fund and incorporated in to the relevant Agreements. Throughout this Complaint, references to the Agreements include and incorporate the related Trust Agreements.

26. Pursuant to said Agreements, Defendant Employer has an obligation to submit accurate remittance reports with corresponding contributions and deductions to the Plaintiffs on the 25th day of the month following the month for which contributions are due or in accordance with the Delinquency policy which may be amended.

27. Pursuant to said Agreements and by virtue of its consent to become bound by the terms and conditions of employment negotiated by and between the Association and the Union or to be bound by the terms and conditions of employment independently with the Union covering all work performed on the Project referred to in paragraph 24. Defendant Employer is required to remit the contributions and deductions for all hours of work performed by its employees under the Agreements in the preceding month to the Plaintiffs.

28. Despite demands to pay the contributions and deductions due to the Funds and/or to submit the required remittance reports, and notwithstanding its obligations as set forth above, Defendant has failed to submit remittance reports and

failed to pay the contributions and deductions due to the Funds during the period of January 2015 to the present.

29. As a result of Defendant Employer violating its reporting and contribution and deduction obligations under the Agreements, the Plaintiffs have been forced to incur additional administrative and legal expenses in ascertaining the extent of Defendant Employer's violation and in attempting to correct the arrearage.

30. As long as the delinquent contributions and deductions and accompanying costs, fines, liquidated damages and penalties remain unpaid and/or continue to accrue, the Plaintiffs lose the benefits of monetary income that would otherwise be realized if the contributions and deductions had been remitted by Defendant Employer in a timely fashion.

31. Defendant Employer's continued violation of the Agreements irreparably injure the Funds.

## COUNT ONE

## ERISA CLAIM

32. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-31.

33. Defendant Employer has failed to make contributions and deductions to the Plaintiffs in violation of 29 U.S.C. § 1145 in a period not barred by an applicable statute of limitations or similar bar.

34. Defendant Employer owes the Plaintiffs covered by the Agreements, which continue until proper termination, the amount of the unpaid contributions and

deductions; accrued interest, audit fees, as well as liquidated damages, and attorneys' fees and costs.

35.    Plaintiff is required under law to credit all hours of Defendant employees performing work under the Agreements.

36.    Defendant, Key Flagging, Inc. is responsible for the amount Defendant Employer owes the Plaintiff ERISA Funds.

37.    Section 502(a)(3)(B)(ii) of ERISA permits the Plaintiffs to seek equitable enforcement of the terms of the Agreements

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

    (a)    that judgment be entered against Defendant Employer in favor of all Plaintiffs covered by the Agreements, as mandated by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), in the amount of total unpaid contributions, deductions, accrued interest, audit fees, costs, fines, attorneys' fees and costs, liquidated damages and penalties determined to be due and owing to the Plaintiffs before, during and as a consequence of the pendency of this lawsuit; interest on the unpaid contributions and deductions at the rate provided under §502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages as prescribed by the plan, the collective bargaining agreement(s), and/or by statute; reasonable attorneys' fees and costs of the action;

    (b)    order, pursuant to the collective bargaining agreement, that Defendant Employer must accurately and timely submit all remittance reports,

contributions and deductions that are due to the Plaintiffs during the time period the current Agreement is in effect;

(c) such other legal or equitable relief as the Court may deem appropriate.

## COUNT TWO

## DEMAND FOR AUDIT

38. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-37.

39. Defendant Employer has failed to make contributions and deductions to the Plaintiffs as required by the Agreements in a period not barred by any applicable statute of limitations or similar bar.

40. In addition, Defendant Employer has failed to submit accurate remittance reports during the period of at least February 2018 to the present.

41. Defendant Employer's failure to make the required timely contributions and deductions and its failure to comply with its obligation to send to the Plaintiffs remittance reports that fully, accurately, and completely report the hours of work performed by its employees under the Agreement is a breach of contract and subject to §301 of the LMRA, 29 U.S.C. § 185(a).

42. The Plaintiffs covered by the Agreements have been damaged by the failure of the Defendant Employer to make contributions and deductions and submit accurate remittance reports as required by the Agreements.

43. The Agreement authorizes the Trustees' auditors to audit the Employers

bound by the Agreement.

44. Defendant Employer continues to submit accurate remittance reports and/or contributions required under the Agreement.

45. Unless an audit is performed, Plaintiffs will not have sufficient information or knowledge to plead the precise nature, extent and amount of Defendants' ongoing delinquency.

**WHEREFORE**, Plaintiffs request that this Court grant the following relief:

(a) To Order Defendant Employer, its officers, employees, representatives and/or agents to permit any audit by the Plaintiffs' auditor of all records under the Defendant Employer's actual or constructive control and, in the absence of said records, to cooperate fully in alternative methods for the determination of work for which contributions are due;

(b) to grant such other legal or equitable relief as this Court may deem appropriate.

## COUNT THREE

## GBCA, AND CONTRACTOR'S ASSOCIATION THIRD PARTY BENEFICIARY CLAIM

46. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-45.

47. The GBCA ( General Building Contractors Association) is an intended third party beneficiary to the Agreement.

48. Defendant Employer was required under the terms and conditions of the

Agreement to remit contributions to the GBCA Industry Advancement Programs (IAP).

49. Defendant Employer's failure to make the required timely contributions and its failure to comply with its obligation to send to the Plaintiffs remittance reports that fully, accurately, and completely report the hours of work performed by its employees under the Agreements is a breach of contract and the GBCA has been deprived the benefit flowing there from to which they are entitled.

50. Defendant, Choates General Contracting, Inc. is responsible for the amounts Defendant Employer owes the GBCA.

**WHEREFORE**, Plaintiffs GBCA request that this Honorable Court grant the following relief:

(a) that judgment be entered against Defendant Employer, in favor of the GBCA in the amount of unpaid IAP contributions, accrued interest, audit fees, costs, fines, attorneys' fees and costs, liquidated damages and penalties determined to be due and owing to the GBCA before, during and as a consequence of this pending litigation, including but not limited to, accrued interest, audit fees, and attorney fees incurred in this action or in the collection and enforcement of any judgment, as provided by the Agreements;

(b) order, pursuant to the collective bargaining agreements, that Defendant Employer must accurately and timely submit all remittance reports, contributions and deductions that are due to the Plaintiffs during the time period the current Agreements are in effect;

(c) such other legal or equitable relief as this Court may deem appropriate.

Date: 6/21/18

By: /s/ Joel P. Trigiani
Joel P. Trigiani, Esquire
Attorney I.D. No. 32268
Cleary, Josem & Trigiani, LLP
325 Chestnut Street - Suite 200
Philadelphia, PA 19106
(215) 735-9099
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, Joel P. Trigiani, Esquire, do hereby certify that on this 21st day of June, 2018, I caused a true and correct copy of the foregoing Complaint to be served upon the following persons:

Kieanna J. Pinder
Key Flagging, Inc.
8801 Hawthorne Street
Wyndmoor, PA 19038

W. Gerard Oleksiak, Secretary
Pennsylvania Secretary of Labor and Industry
1700 Labor & Industry Building
Harrisburg, PA 17120

Secretary of Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

Date: 6/21/18

Joel P. Trigiani, Esquire